Cited in some publications with a date of July 29, 1997

**Incompatible Office: City Attorney:** Office of Assistant County Attorney is not incompatible per se with office of city attorney. Minn. Stat. § 481.17 (1996)

358e-3
(Cr. Ref. 358a-1)

July 25, 1997

Mr. Peter D. Ekstrand
Attorney at Law
100 Main Street
P.O. Box 190
Wabasha, MN 55981

Dear Mr. Ekstrand:

In your letter to Attorney General Hubert H. Humphrey III you set forth substantially the following:

## FACTS

Presently, the city of Plainview is in the process of hiring a new city attorney on a monthly retainer basis, and one of the candidates, who is a local attorney in Plainview, is the sole Assistant County Attorney to the Wabasha County Attorney. Minn. Stat. §§ 481.17 and 388.10 appear to be the applicable statutes but do not really deal with the issue directly. Wabasha County (as of 1995) had a population of 20,428, and the city of Plainview's population was 2,883.

You then ask substantially the following:

## QUESTION

May an assistant county attorney also serve as attorney for a statutory city within the same county?

## OPINION

While the matter is not free from doubt, we answer your question in the affirmative subject to the qualifications discussed below.

Our office has long held that the "offices" of city and county attorney are incompatible and thus may not be held by the same person. See, e.g., Op. Atty. Gen. 358e-3, August 18, 1982. These opinions have been based upon the common-law doctrine of incompatibility of offices as articulated in State ex rel. Hilton v. Sword, 157 Minn. 263, 196 N.W. 467 (1923), where the court stated that public offices will be considered incompatible when their functions are inconsistent, their performance resulting in antagonism and a conflict of duty so that the incumbent of one cannot discharge with fidelity and propriety the duties of both. Thus, determination of whether two public offices are incompatible requires analysis of the duties imposed upon holders of each office in question.

Findings of incompatibility of the offices of city and county attorney have resulted from the proposition that "there is often a conflict of interest between [city] and county, particularly on matters of taxation, relief and division of liability for government expenses." Op. Atty. Gen. 358a-1, July 27, 1939. Inasmuch as a person holding the office of county attorney and one holding office as city attorney are both presumed to have a continuous and ongoing duty to advise and represent their respective governments as the best interest of those units require, plainly one person cannot in all respects fulfill the duties of both positions. The same disqualification has been assumed to exist with respect to persons serving in the office of assistant county attorney. See, e.g., Op. Atty. 358a-1, January 26, 1941.

On the other hand, a number of opinions have held that this incompatibility analysis does not apply to situations in which legal services performed for the county, the city or both are of a selective nature and do not constitute holding an "office" which requires the attorney to attend to all the legal needs of the local governmental unit. See, e.g., Ops. Atty. Gen. 358e-3, August 18, 1982; 358G, September 30, 1954. To the extent that the duties of one or both of the positions are not fixed in statute or charter, but are open to definition by the appointing authority, the positions are not considered incompatible, per se. Rather, compatibility will be dependent upon how those duties are defined.

The legislature has also addressed the county/city attorney issue in at least two respects. Minn. Stat. § 481.17 (1996) provides:

> In all counties in this state having a population of not more than 12,000, the offices of county attorney, city attorney, and school district attorney shall not be deemed incompatible and may be held by the same person. For the purposes of prosecution of violations of state laws, municipal ordinances, charter provisions, or municipal regulations, the offices of county attorney and city attorney shall not be deemed incompatible and may be held by the same person, regardless of the population of the county.

Thus, it does not appear that the offices of city and county attorney are necessarily or inherently incompatible, rather the issue turns largely upon legislative determinations concerning the area's population and the nature and duties of the "offices" in question. In smaller counties one person may hold the offices of county and city attorney by express statutory authority. That authority does not apply in Wabasha County, however, in view of its population.

The second sentence, however, clearly provides that in any county, as respects the prosecutorial function, the "offices" of city and county attorney are not incompatible. This sentence permits one person not only to perform certain functions for both the city and county but also to hold the "offices" of city and county, at least insofar as criminal matters are concerned.

That approach is a departure from the analysis which has generally been employed in identifying incompatible offices. As noted above the earlier analysis has assumed that one holding the "office" of city or county attorney must be responsible to serve all the legal needs of the city or county and, thus, has focused upon the potential for any conflicting interests to arise in the course of the officeholder's tenure. If such potential existed, the offices were held incompatible notwithstanding that instances of actual conflict may arise only infrequently, if at all. Under the present version of section 481.17, however, a county attorney is not precluded per se from holding the office of city attorney, but may hold that office and perform particular

functions which are not seen to be in conflict with the duties of a county attorney. I.e., criminal and petty misdemeanor prosecutions.

The statute is silent, however, upon the issue of whether a person holding such offices may perform other services for the city, county or both in circumstances where the interests of the two are not in conflict. It could be argued that express mention of the prosecution function in section 481.17 implicitly precludes performance of other legal services for either or both entities.

It is clear, however, that a person serving as county attorney is obligated by statute to perform the full range of duties for the county. See Minn. Stat. § 388.051 (1996). Inasmuch as assistant county attorney has "the same duties and . . . liabilities as the county attorney," Minn. Stat. § 388.10 (1996), the same arguably would hold true for the assistant.

Therefore, the answer to your question turns on whether a person holding both offices under section 481.17 may perform any nonprosecutorial services for the city. As noted above we have previously opined that a county attorney or assistant may perform legal services for cities so long as the person did not hold a position obligating him or her to attend all the city's legal needs, and such services were limited to matters presenting no actual conflict with the duties owed the county. Likewise here we can identify no reason why an assistant county attorney who, as city attorney, may perform prosecution duties, could not, as well, perform for the city, services of a civil nature so long as they do not present any actual conflict with the interest of the county. To the extent that the person's duties as city attorney are so defined, we do not perceive any statutory or common law prohibition to the person holding both positions. This is not to say,

however, that the assistant county attorney would necessarily be entitled to accept the city position over the objections of the county attorney at whose pleasure the assistant county attorney serves.[1]

Very truly yours,

HUBERT H. HUMPHREY III
Attorney General


KENNETH E. RASCHKE, JR.
Assistant Attorney General

---

[1] As is the case with all professional activities, the attorney should also consider the potential application of the Rules of Professional Conduct to the proposed assumption of the city position and to any circumstances which may present a potential for conflicting interests. Our office does not undertake to render opinions on applications of those rules. The attorney may wish to direct such questions to the Lawyers Professional Responsibility Board.